```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

_____
                                   :
DARNELL WILLIAMS,                  :
                                   :
        Petitioner,                :    Civ. No. 16-2866 (NLH)
                                   :
    v.                             :    OPINION
                                   :
STATE OF NEW JERSEY,               :
                                   :
        Respondent.                :
_____:

APPEARANCES:
Darnell Williams, #313236C[1]
South Woods State Prison
215 S. Burlington Rd.
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

   Petitioner Darnell Williams, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, submitted a letter to the Court in which he challenges his New Jersey state conviction and sentence.

## I.  Applicable Statute

   A person in custody pursuant to the judgment of a State court may challenge that custody as in violation of the

---

[1] The envelope in which Petitioner submitted his letter is not available on the docket.  Nevertheless, Petitioner includes his prison identification number at the conclusion of his letter. Using this prisoner identification number, the Court was then able to determine that Petitioner is presently detained at South Woods State Prison.

Constitution or laws or treaties of the United States via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because Petitioner's letter challenges a state court conviction and sentence, this Court is inclined to construe Petitioner's submission as a petition for writ of habeas corpus pursuant to § 2254.

II.   Consequences of filing a § 2254 habeas petition

This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of filing a § 2254 petition under the AEDPA, and to give Petitioner an opportunity to file one all-inclusive § 2254 petition.

Specifically, under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must present in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d).

Because Petitioner's submission is not submitted on the Court-provided forms — as discussed below — it is not apparent

2

to the Court whether Petitioner intends this submission to be his one all-inclusive § 2254 petition.  Without knowing Petitioner's specific purpose for submitting his letter, the Court is hesitant to construe it as his one all-inclusive § 2254 petition because — if it is construed as such — Petitioner will lose the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.  Accordingly, Petitioner will be required to respond to this Court, in writing, and he must indicate whether he wishes this Court to construe his submission as a § 2254 habeas petition.[2]  In the event that he does intend his letter to be a § 2254 habeas petition, Petitioner will be required to comport with the terms of this Order, discussed below, by satisfying the filing fee requirement and by submitting an amended petition on the court-provided forms.

### III. Filing Fee

Petitioner is hereby informed that the filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for

---

[2] This Court makes no finding as to the timeliness of the Petition as filed.

writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L.Civ.R. 81.2(c).

Therefore, in the event Petitioner wishes this Court to construe his submission as a petition for writ of habeas corpus pursuant to § 2254, he will be required to either prepay the $5.00 filing fee as required by Local Civil Rule 54.3(a), or submit an application for leave to proceed in forma pauperis in accordance with Local Civil Rule 81.2(b).

### IV.   Form of the Petition

Pursuant to Local Civil Rule 81.2, unless prepared by counsel, a petition for writ of habeas corpus must be submitted using forms supplied by the Clerk of the Court. See L.Civ.R. 82.1(a).  In this case, Petitioner is proceeding pro se and failed to utilize the court-provided forms.  Accordingly, in the

event he wishes his letter to be construed as a petition for writ of habeas corpus under § 2254, Petitioner will be required to submit an Amended Petition using the court-provided forms. See AO 241 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (revised 01/2014).

## V.   CONCLUSION

For the foregoing reasons, within 45 days of the date of this Order, Petitioner will be required to submit a response, in writing, indicating whether or not he wishes his letter to be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the event he does so desire, Petitioner is required to satisfy the filing fee requirement by either paying the $5 fee, or by submitting a complete application for leave to proceed in forma pauperis in accordance with Local Civil Rule 81.2(b).  Failure to do so may result in administrative termination of this action.  Petitioner is further on notice that, after he satisfies the filing fee requirement, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004). See also 28 U.S.C. § 2243.

In the event no response is received from Petitioner within 45 days, the Court will construe Petitioner's letter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; and, as explained above, Petitioner will lose the ability to

file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

    An appropriate Order will be entered.

                                            ___s/ Noel L. Hillman_____
                                            NOEL L. HILLMAN
                                            United States District Judge

Dated: May 24, 2016
At Camden, New Jersey