UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DARNELL WILLIAMS,                   :
                                    :
        Petitioner,                 :  Civ. No. 16-2866 (NLH)
                                    :
    v.                              :  OPINION
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
        Respondents.                :
_____ :

APPEARANCES:
Darnell Williams, #313236C
South Woods State Prison
215 S. Burlington Rd.
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

    Presently before the Court is a petition for writ of habeas filed pursuant to 28 U.S.C. § 2254, challenging a New Jersey state court conviction. For the reasons discussed below, the Petition is dismissed without prejudice as time-barred under 28 U.S.C. § 2244(d).

I. PROCEDURAL HISTORY

    On or about May 20, 2016, Petitioner Darnell Williams, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, submitted a letter to the Court in which he challenges his New Jersey state conviction and sentence. (ECF No. 1). In an Order dated May 24, 2016 (ECF No. 3), this Court required

Petitioner to submit a response to the Court indicating whether he intended his letter to be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court also informed Petitioner of the consequences of filing a § 2254 petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  Finally, the Court informed Petitioner of the Local Civil Rules regarding the filing fee for a § 2254 petition, and the obligation for pro se litigants to use a court-provided form. See L.Civ.R. 82.1(a)-(b).

Petitioner submitted a response dated June 17, 2016, and indicated that he wishes his letter to be construed as a petition for writ of habeas corpus pursuant to § 2254. (ECF No. 4).  Petitioner additionally submitted an application to proceed in forma pauperis, which this Court finds to be complete. However, Petitioner failed to submit an Amended Petition on the court-provided forms as required by this Court's May 24, 2016 Order.  Accordingly, in an Order dated June 24, 2016 (ECF No. 5), this Court granted Petitioner's application to proceed in forma pauperis, but directed Petitioner to submit an amended petition which comports with Rule 2 of the Rules Governing 2254 Cases ("Habeas Rules"). See also L.Civ.R. 82.1(a) (requiring that a pro se petition for writ of habeas corpus be submitted using forms supplied by the Clerk of the Court).

2

On or about August 4, 2016, Petitioner submitted an Amended Petition on the court-provided forms.[1] (ECF No. 6). At this time the Court must review the Amended Petition pursuant to Habeas Rule 4.

## II.   BACKGROUND

According to the allegations contained in the Petition, Petitioner plead guilty to an unspecified crime and was sentenced on September 30, 2004. (Pet. 2, ECF No. 1). Petitioner asserts that he appealed his conviction, and that the state appellate division affirmed, and the Supreme Court of New Jersey denied certification of his direct appeal. (Id. at 3-4). Petitioner also states that he filed an application for Post-Conviction Relief ("PCR"), which was denied without an evidentiary hearing. (Id. at 4). He appealed that decision and the appellate court affirmed the PCR court's decision, and the New Jersey Supreme Court denied certification. (Id. at 5-6). Petitioner does not provide any dates regarding when he filed these documents or when the state courts rendered their decisions.

---

[1] As will be discussed in greater detail below, Petitioner submitted two Amended Petitions to the Court, one of which relates to his conviction for second-degree sexual assault, and another which relates to his conviction for first-degree aggravated manslaughter. However, as of the date of this Opinion, only one version appears as on the Court's docket, (ECF No. 6). The Court will direct the Clerk of the Court to add the second petition to the docket.

Given the limited information provided in the Petition, this Court considered the state appellate court's opinion affirming the PCR court's denial of Petitioner's PCR application in conducting its Habeas Rule 4 analysis. See State v. Williams, No. A-1464-13T3, 2015 WL 4367400, at *1 (N.J. Super. Ct. App. Div. July 17, 2015); see also Habeas Rule 4, advisory committee note (stating that a judge may order copies of state court opinions for consideration in the Habeas Rule 4 analysis).  The state court describes the history of this case as follows:

> Defendant was charged under Indictment No. 02-12-4176 with second-degree sexual assault of an eight-year-old boy.  He also was charged under Accusation No. 04-06-2328 with first-degree aggravated manslaughter of his mother, Antonia S. Williams.  On June 9, 2004, defendant pled guilty to both charges.  The State agreed to recommend a twenty-five-year prison sentence, with an 85% period of parole ineligibility, pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, on the aggravated manslaughter conviction, and a concurrent ten-year custodial term, also subject to NERA, on the sexual-assault conviction.
>
> At the plea hearing, defendant admitted that on May 24, 2002, he came into contact with the young boy. Defendant said he kissed the boy on the lips and fondled his genitalia.  He stated that he had engaged in these actions because he wanted to teach the boy about sex.  In addition, defendant admitted that on April 3, 2003, he shot and stabbed his mother, and she died as a result of the injuries he had inflicted.
>
> On September 30, 2004, the court sentenced defendant in accordance with the plea.  Defendant later appealed his sentence.  The appeal was heard on the court's excessive sentence oral argument calendar. R. 2:9-11. We affirmed the trial court's judgment. State v. Williams, No. A-1758-07 (App. Div. Feb. 5, 2009).

> On September 26, 2012, defendant submitted a pro se letter to the trial court, which the court treated as a petition for PCR. The court appointed counsel to represent defendant. PCR counsel filed a brief in support of defendant's petition, which incorporated defendant's claim that he had been denied the effective assistance of counsel because counsel failed to adequately consider his "mental health issues" as a defense or as a mitigating factor at sentencing.
>
> On May 17, 2013, the PCR court heard oral argument on the petition. The court found that the petition was barred by Rule 3:22-12(a), because it had not been filed within five years of the date of the judgment of conviction, and because defendant had not established grounds to relax the time bar. The court nevertheless considered defendant's claims and found that they were meritless. The court entered the May 17, 2013 order denying PCR.

Williams, 2015 WL 4367400, at *1.

Petitioner appealed and the state appellate division affirmed the decision of the PCR Court. Id. The New Jersey Supreme Court denied certification on November 16, 2015. State v. Williams, 223 N.J. 406, 125 A.3d 393 (2015). Six months later, Petitioner submitted a letter to this Court dated May 16, 2016 which, as explained above, was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III. STATUTE OF LIMITATIONS ANALYSIS

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

5

> custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
>> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see also, Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54, 181 L. Ed. 2d 619 (2012).

Here, Petitioner was sentenced on September 30, 2004.  It is unclear whether Petitioner filed a timely appeal because in the opinion affirming the PCR decision, the appellate division states only that Petitioner's appeal "was heard on the court's

6

excessive sentence oral argument calendar," and the trial court's decision was affirmed on February 5, 2009. Williams, 2015 WL 4367400, at *1.  Petitioner asserts that he sought certification of his direct appeal, but the state appellate decision affirming the PCR court does not mention any such petition for certification, and this Court was unable to locate any order from the New Jersey Supreme Court denying certification of the direct appeal.  Therefore, this Court is unsure of the precise date on which Petitioner's conviction became final for purposes of § 2244(d).  Regardless, as explained below, it is evident that the instant Petition is untimely as having been filed beyond the AEDPA one-year statute of limitations period.

In this case, Petitioner filed his PCR application on September 26, 2012.  Pursuant to New Jersey Court Rules, a PCR application may not be filed "while such appellate review [of the conviction] or motion [incident to the proceedings in the trial court] is pending." N.J. Ct. R. 3:22-3; see also N.J. Ct. R. 3:22-12 (addressing dismissal of PCR petition without prejudice when direct appeal is pending).  Because Petitioner could not have filed his PCR application while his direct appeal was pending pursuant to New Jersey state law, his direct review proceedings must have concluded, at the latest, by September 26, 2012 — the date on which he submitted the letter to the trial

7

court that was construed as a PCR application. For purposes of this opinion, and to give Petitioner every benefit, this Court will assume that the one-year AEDPA statute of limitations did not start running prior to that date.

Accordingly, the latest date on which Petitioner's conviction could have become final for purposes of § 2244(d) — and latest date on which the one-year statute of limitations period could have commenced — was on December 25, 2012, when the 90-day period in which to file a petition for writ of certiorari expired. See Gonzalez, 132 S. Ct. at 653–54. Unless the statute of limitations was tolled, the applicable statute of limitations would have expired one year later, on December 25, 2013.

Normally, a properly filed PCR application will statutorily toll the AEDPA limitations period. See 28 U.S.C. § 2244(d)(2). If Petitioner's PCR petition was "properly filed," the AEDPA statute of limitations would have been tolled during its pendency. If, however, the PCR petition was not timely filed, then statutory tolling would not apply, and the one-year AEDPA statute of limitations would have expired on December 25, 2013.

Under New Jersey law, a PCR petition must be filed within five years of the judgment of conviction. N.J. Ct. R. 3:22-12. Here, the PCR court determined that Petitioner's PCR petition was untimely because it had not been filed within the five-year period. Williams, 2015 WL 4367400, at *1. Despite finding that

the petition was procedurally barred, the PCR court addressed the merits of Petitioner's claims.  Nevertheless, "[i]t is well established that a petition for state post-conviction relief that was rejected by the state courts as untimely is not 'properly filed' under § 2244(d)(2), and the petitioner is not entitled to statutory tolling under § 2244(d)(2)." Tapia v. Lagana, No. 13-3624, 2016 WL 3436404, at *4 (D.N.J. June 17, 2016) (citing Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812, 161 L. Ed. 2d 669 (2005) ("When a postconviction relief petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and citation omitted)).

   Because Petitioner's PCR petition was rejected by the state court as untimely, it was not "properly filed" under § 2244(d)(2) and Petitioner is not entitled to statutory tolling. See Pace, 544 U.S. at 414.  The fact that the state PCR court went on to review the substantive issues of the petition does not affect this Court's statute of limitations analysis. See Tapia, 2016 WL 3436404, at *4 (citing Carey v. Saffold, 536 U.S. 214, 226, 122 S. Ct. 2134, 2141, 153 L. Ed. 2d 260 (2002) (holding that if the lower court had clearly ruled that the petition was untimely, "that would be the end of the matter, regardless of whether it also addressed the merits of the claim")).

With no apparent statutory tolling, Petitioner's federal habeas petition is untimely, having been filed on May 16, 2016[2], more than 28 months after the December 25, 2013 expiration of the one-year limitations period.  Accordingly, this federal habeas petition will be dismissed as time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50, 130 S. Ct. 2549, 2563, 177 L. Ed. 2d 130 (2010); Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013).  A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

---

[2] Although the Petition was not received by the Court until May 20, 2016, it is dated May 16, 2016, see (ECF No. 1).  Therefore, for purposes of this Opinion, the Court will deem it filed on the date it was signed. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]").

10

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); see also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when

11

"the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275-276; see also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair") (citations omitted).

Indeed, extraordinary circumstances have been found only where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely

12

filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In his habeas petition, Petitioner gives no explanation for the delay in bringing his state PCR petition which would allow this Court to consider equitable tolling. Although Petitioner mentions "mental illness" in the section of his Amended Petition explaining the timeliness of his petition, this reference, alone, is insufficient to warrant equitable tolling. See Nara v. Frank, 264 F.3d 310 (3d Cir. 2001) (holding that mental incompetence is not a per se reason to toll statute of limitations for filing federal habeas petition; rather, the alleged mental incompetence must somehow have affected petitioner's ability to file a timely habeas petition), *abrogated on other grounds by* Carey, 536 U.S. 214. Accordingly, the petition will be dismissed as untimely.

This dismissal is without prejudice to Petitioner filing a motion to reopen this case for consideration of statutory or equitable tolling issues. United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that district courts should provide petitioners with notice and opportunity to respond to a finding of untimeliness).

## IV.   AMENDED PETITION

As noted above, Petitioner submitted two petitions to the Court on the court-provided forms. One of these documents —

13

which appears on the docket — relates to his conviction for second-degree sexual assault. (ECF No. 6).  The other — which is not currently present on the Court's docket — relates to his conviction for first-degree aggravated manslaughter.  Although the supporting facts for the grounds for relief in each petition are slightly different, both documents raise identical challenges; namely, a claim that his sentence was excessive, and a claim that he received ineffective assistance of counsel.[3]  Additionally, Petitioner plead guilty to both crimes in the same plea agreement and, as a result, received concurrent sentences.

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S. Ct. 219, 96 L.Ed. 200 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

Gumbs v. Univ. of Med. & Dentistry of New Jersey, No. 13-1749 SRC, 2014 WL 4284469, at *1 (D.N.J. Aug. 28, 2014); see also 1 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE §

---

[3] The Court notes that in his petition challenging the conviction for second-degree sexual assault (ECF No. 6), Petitioner includes a third ground for relief titled "not guilty" (id. at 9), which is not presented in his petition challenging his conviction for manslaughter.  However, because Petitioner pled guilty to the manslaughter charge, that ground for relief is related to Petitioner's second ground for relief — his ineffective assistance of counsel claim — in that Petitioner asserts he was improperly advised to accept the plea.

14

11.4(a) (6th ed. 2011) (stating that a petitioner "may join claims attacking multiple judgments in 'single court' situations.").

Given that Petitioner was convicted for both charges as a result of the same plea agreement, that he received concurrent sentences, and that he raises identical challenges in both petitions, this Court determines that it is more appropriate for Petitioner to proceed with challenges to both convictions in the instant matter rather, than to separate the challenges and commence a new § 2254 habeas action for Petitioner's conviction for first-degree aggravated manslaughter. Accordingly, the Court will direct the Clerk of the Court to add the second petition to the docket. In the event Petitioner seeks to reopen this case to argue in favor of equitable tolling, as discussed above, he must file a Second Amended Petition which attacks <u>both</u> convictions, and which sets forth all grounds for relief and supporting facts in <u>one</u> document.

V.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner

15

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000), cited in Kaplan v. United States, No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## VI.   CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability

16

will not issue accordingly.  This dismissal is without prejudice, however, to Petitioner filing a motion to reopen this case within 60 days of the date of this Order for consideration of equitable tolling issues.  In addition to an argument in favor of tolling, Petitioner is required to submit a Second Amended Petition which challenges both his sexual assault and manslaughter convictions in one document.

An appropriate Order follows.

           ___s/ Noel L. Hillman_____
           NOEL L. HILLMAN
           United States District Judge

Dated: September 26, 2016
At Camden, New Jersey